IN THE CIRCUIT COURT OF PIKE COUNTY, ARKANSAS
CIVIL DIVISION

GARY LEO GREEN & LINDA SUE GREEN )
                                 )
                 PLAINTIFFS,     )
                                 ) CASE NO. CV 2015-30, 1
vs.                              )
                                 ) **JURY TRIAL DEMANDED**
BEAVER EXPRESS SERVICE, LLC, and )
                                 )
JOHN DOE 1, JOHN DOE 2, AND JOHN DOE 3, )
                                 )
                 DEFENDANTS.     )

F I L E D
05/04/2015 09:55:40 am
SABRINA WILLIAMS
Pike County Clerk
By _____ D.C.

## COMPLAINT

COME NOW the Plaintiffs, GARY LEO GREEN and LINDA SUE GREEN, by and

through their undersigned counsel, and submit this Complaint against the Defendant, BEAVER

EXPRESS SERVICE, LLC. Plaintiffs state and allege as follows:

### PARTIES, JURISIDICTION AND VENUE

1)    The Plaintiffs, GARY LEO GREEN and LINDA SUE GREEN, at all times mentioned in

this complaint, were residents of Pike County, Arkansas.

2)    Defendant BEAVER EXPRESS SERVICE, LLC (hereinafter "Beaver Express"), at all

times mentioned in this Complaint, is and was a foreign limited liability company

authorized to do business in Arkansas. The agent for service of process for BEAVER

EXPRESS is Don Smith. He may be served at 510 North Greenwood Avenue, Fort

Smith, Arkansas 72901.

3)    Defendant Beaver Express is a premier small package express and LTL motor freight

carrier which has contacts with the State of Arkansas that are continuous, systematic and

substantial, to-wit:

This case assigned to:
Judge Tom Cooper – Div. 1
Contact his office for setting:
P.O. Box 214, Ashdown, AR 71822

Page 1 of 11

EXHIBIT
1

(a)     It has direct service to 68 locations in the State of Arkansas;

(b)     It maintains two (2) service centers in the State of Arkansas, one in Fort Smith and the other in Fayetteville;

(c)     Both of the service centers in the State of Arkansas are operated by residents of the State of Arkansas;

(d)     It has contracts with businesses that operate in the smaller towns that it serves;

(e)     It is registered to do business in the State of Arkansas;

(f)     It has a registered agent in the State of Arkansas; and

(g)     It makes daily pickups and deliveries from its direct service locations in the State of Arkansas.

4)      Based on the foregoing facts, Defendant Beaver Express has engaged in purposeful acts to avail itself of the privilege of doing business in the State of Arkansas.

5)      Based on Defendant Beaver Express' extensive contacts with the State of Arkansas, it should reasonably have expected to be subject to general and specific personal jurisdiction in the courts of the State of Arkansas.

6)      At all times mentioned in this Complaint, JOE NATHAN ABBS (hereinafter "ABBS"), was an agent, servant, employee, and/or statutory employee of BEAVER EXPRESS.

7)      At all times mentioned in this Complaint, ABBS was acting within the scope of his agency, employment, joint employment, statutory employment, and/or under the joint and/or direct control of the Defendant, BEAVER EXPRESS.

8)      As a result of the relationship of ABBS to the Defendant BEAVER EXPRESS, all actions of ABBS are herein imputed to the Defendant, BEAVER EXPRESS under agency principles and/or under the doctrine of respondeat superior.

9) Pursuant to Ark. Code Ann. §16-56-125, any person, for the purpose of tolling the statute of limitations, may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor is unknown.

10) In the alternative, the name of the unknown tortfeasor, individual, person or entity, shall be designated by the pseudo-name John Doe. Thus, in this case, John Doe 1, in the alternative, is the official name of any individual person defendant or entity with which any individual person defendant may be associated. Furthermore, if there is more than one (1) such unknown tortfeasor, person or entity, the use of John Doe 2, John Doe 3, etc., is also appropriate.

11) Upon determining the identity of any current unknown tortfeasor person or entity, Plaintiffs will amend this complaint by substituting the real name for the pseudo-name.

12) The Plaintiffs have attached hereto the affidavit of Plaintiffs' attorney that the identity of the tortfeasor(s) is unknown pursuant to Ark. Code Ann. § 16-56-125.

13) This is a cause of action arising from a motor vehicle collision which occurred on February 19, 2015, in Callahan County, Texas. Jurisdiction is proper under A.C.A 16-4-101. Venue is proper under A.C.A. 16-60-112.

## FACTS

14) On February 19, 2015, at approximately 4:05 a.m., ABBS was operating a 2007 Sterling, tractor/trailer owned by Defendant Beaver Express within the scope of his employment for Beaver Express.

15) ABBS was driving said tractor/trailer Eastbound in the outside lane of Interstate Highway 20 near Abilene, Callahan County, Texas, and was quickly approaching the Plaintiffs'

vehicle.

16)     At the same time and place, the Plaintiff Gary Leo Green is Eastbound in the outside lane

of Interstate 20 operating his Chevrolet G30 Van with a trailer full of minerals in tow.

Plaintiff Linda Green is a passenger in said vehicle.

17)     ABBS is not keeping a proper lookout and fails to notice the Plaintiffs' vehicle directly in

front of him.

18)     ABBS drove the tractor/trailer in a negligent, careless, and reckless manner causing the

tractor/trailer to careen into the rear of Plaintiffs' trailer.  The force of the impact caused

the Plaintiff's trailer and the Plaintiffs' vehicle to flip multiple times before coming to rest

in the grassy area south of Interstate 20.

19)     As a direct and proximate result of ABBS' negligence, both Plaintiffs sustained serious

and permanent injuries that required both of them to be hospitalized and is requiring

ongoing care and treatment, which will continue indefinitely into the future.

20)     Both Plaintiffs sustained permanent damages.

21)     Plaintiffs' have also sustained property damage losses to their van, trailer, and

merchandise.

## COUNT I- ORDINARY NEGLIGENCE

22)     At the time of impact, the ordinary negligence of the Defendant included, but was not

limited to, the following:

a.      BEAVER EXPRESS placed a motor vehicle on the highway that was not in safe

operating condition in violation of Title 49, Code of Federal Regulations,

§396.13(a).

b.   ABBS and BEAVER EXPRESS, by and through the theory of *respondeat superior* and agency principles, drove a motor vehicle owned by BEAVER EXPRESS without first being satisfied that the motor vehicle was in a safe operating condition in violation of Title 49, Code of Federal Regulations, §396.13(a);

c.   ABBS and BEAVER EXPRESS, by and through the theory of *respondeat superior* and agency principles, operated a motor vehicle under the direction and control of BEAVER EXPRESS in such a condition as was likely to cause a wreck in violation of the provisions of Title 49, Code of Federal Regulations, §396.7(a);

d.   BEAVER EXPRESS placed on the highways a commercial motor vehicle with defective equipment;

e.   ABBS and BEAVER EXPRESS, by and through the theory of *respondeat superior* and agency principles, operated a commercial motor vehicle with defective equipment;

f.   ABBS and BEAVER EXPRESS, by and through the theory of *respondeat superior* and agency principles, operated a 2007 Sterling tractor with defective equipment;

g.   ABBS and BEAVER EXPRESS, by and through the theory of *respondeat superior* and agency principles, operated a trailer with defective equipment;

h.   ABBS and BEAVER EXPRESS, individually, failed to inspect the tractor-trailer in violation of the provisions of Title 49, Code of Federal Regulations, §396.3(a);

i.      ABBS and BEAVER EXPRESS, by and through the theory of *respondeat superior* and agency principles, operated a tractor-trailer when it was not in a safe and proper operating condition in violation of the provisions of Title 49, Code of Federal Regulations, §396.3(a)(1);

j.      ABBS and BEAVER EXPRESS, by and through the theory of *respondeat superior* and agency principles, drove too fast for traffic conditions;

k.      ABBS and BEAVER EXPRESS, by and through the theory of *respondeat superior* and agency principles, failed to keep a proper lookout;

l.      ABBS and BEAVER EXPRESS, by and through the theory of *respondeat superior* and agency principles, failed to keep his vehicle under proper control;

m.      ABBS and BEAVER EXPRESS, by and through the theory of *respondeat superior* and agency principles, failed to keep a careful lookout;

n.      ABBS and BEAVER EXPRESS, by and through the theory of *respondeat superior* and agency principles, failed to use of the highest degree of care;

o.      ABBS and BEAVER EXPRESS, by and through the theory of *respondeat superior* and agency principles, failed to operate a commercial vehicle in accordance with the laws and regulations of the Code of Federal Regulations in violation of Title 49, Code of Federal Regulations, §392.2: and

p.      ABBS and BEAVER EXPRESS, by and through the theory of *respondeat superior* and agency principles, engaged in careless and prohibited driving;

23)      As a direct and proximate result of the above-described negligent acts of ABBS imputed to the Defendant, BEAVER EXPRESS, and the directly negligent acts of each defendant,

individually, both of the Plaintiffs were seriously and permanently injured.

## COUNT II NEGLIGENT HIRING

24) The Plaintiffs hereby incorporate each and every preceding paragraph as if set forth herein word for word.

25) The actions of ABBS, imputed to BEAVER EXPRESS, show violations of the rules of the road and make BEAVER EXPRESS liable for the negligent hiring of ABBS. BEAVER EXPRESS knew, or should have known, that its failure to research and screen ABBS would result in injury to the public.

26) BEAVER EXPRESS failed to perform its duty of due diligence in the hiring of ABBS, resulting in injury.

## COUNT III — NEGLIGENT TRAINING

27) The Plaintiffs hereby incorporate each and every preceding paragraph as if set forth herein word for word.

28) The actions of ABBS, imputed to BEAVER EXPRESS, show violations of the rules of the road and make BEAVER EXPRESS liable for the negligent training of Defendant ABBS. BEAVER EXPRESS knew, or should have known, that its failure to train and supervise ABBS would result in injury to the public.

29) BEAVER EXPRESS failed to perform its due diligence in the training of ABBS, resulting in injury.

## COUNT IV — NEGLIGENT SUPERVISION

30) The Plaintiffs hereby incorporate each and every preceding paragraph as if set forth herein word for word.

31)    The actions of ABBS, imputed to BEAVER EXPRESS, show violations of the rules of
       the road and make BEAVER EXPRESS liable for the negligent supervision of ABBS.
       BEAVER EXPRESS knew, or should have known, that its failure to research and screen
       ABBS would result in injury to the public.

32)    BEAVER EXPRESS failed to perform its duty of due diligence in the
       supervision of ABBS, resulting in injury.

## COUNT V — NEGLIGENT RETENTION

33)    The Plaintiffs hereby incorporate each and every preceding paragraph as if set forth herein
       word for word.

34)    The actions of ABBS, imputed to BEAVER EXPRESS, show a history of violations of
       the rules of the road, as well as a history of crimes of moral turpitude, which make
       BEAVER EXPRESS liable for the negligent retention of ABBS. BEAVER EXPRESS
       knew, or should have known, that its failure to terminate ABBS based on his driving
       and/or criminal history would result in injury to the public.

35)    BEAVER EXPRESS negligently retained ABBS, resulting in injury.

## DAMAGES

36)    The Plaintiffs hereby incorporate each and every preceding paragraph as if set forth herein
       word for word.

37)    As a direct and proximate result of ABBS' negligent and reckless conduct imputed to the
       Defendant, BEAVER EXPRESS, and the negligent and reckless conduct of BEAVER
       EXPRESS, individually, Plaintiffs have endured pain, suffering, and mental anguish and
       will continue to endure such damages in the future.

38)     As a direct and proximate result of ABBS' negligent, careless, and reckless conduct

        imputed to the Defendant, BEAVER EXPRESS, and the negligent and reckless conduct

        of BEAVER EXPRESS, individually, the Plaintiffs have been required to expend large

        sums of money for expenses paid to the ambulance company, hospital, doctors, and have

        also suffered the loss of the reasonable value of their services, companionship, and

        comfort.

39)     By reason of the above damages proximately caused by the negligent conduct of ABBS

        imputed to the Defendant, BEAVER EXPRESS, and the negligent and reckless conduct

        of BEAVER EXPRESS, individually, Plaintiffs are entitled to recover from the

        Defendant a sum greater than the Federal Court jurisdictional limits for diversity suits.

40)     Specifically, due to the negligence of the Defendant, the Plaintiffs are entitled to damages

        for the following:

        a.      The nature, extent, duration, and permanency of their injuries, both temporary and

                permanent;

        b.      The reasonable expense of all necessary medical care, treatment, and services

                received including transportation and board and lodging expenses necessarily

                incurred in securing such care, treatment, or services;

        c.      The present value of all necessary medical care, treatment, and services including

                transportation and board and lodging expenses necessarily incurred in securing

                such care reasonably certain to be required in the future;

        d.      The pain, suffering, and mental anguish experienced in the past;

        e.      The pain, suffering, and mental anguish reasonably certain to be experienced in

the future;

f.    The scars, disfigurement, and visible results of their injuries;

g.    Property damage losses to their van, trailer, and merchandise including, but not limited to, loss of use and towing/storage charges.

h.    All other damages afforded under the law or deemed applicable by the Arkansas Model Jury Instructions.

## PUNITIVE DAMAGES

41)    The Plaintiffs hereby incorporate each and every preceding paragraph as if set forth herein word for word.

42)    Defendant Beaver Express, knew, or ought to have known, in light of the surrounding circumstances that its own conduct, and the conduct of ABBS that is imputed to it, would naturally and probably result in serious injury to the public, yet they each continued such conduct in reckless disregard of the consequences from which malice may be inferred.

43)    Therefore, the Plaintiffs pray for punitive damages sufficient to punish Defendant Beaver and to deter others from similar conduct.

44)    The Plaintiffs reserve the right to amend this pleading liberally as provided by the Arkansas Rules of Civil Procedure.

WHEREFORE, premises considered, the Plaintiffs, Gary Leo Green and Linda Sue Green, pray for judgment against the Defendant, Beaver Express, for a sum in excess of the Federal Court jurisdictional limits in diversity cases; for costs of this action; and all other damages or relief to which the Plaintiffs may be entitled.

Dated this _29th_ day of April, 2015.

Page 10 of 11

Respectfully submitted,

By: _____

Winston C. Mathis, AR Bar #97098
The Mathis Law Firm
P.O. Box 399
Arkadelphia, AR 71923
Phone: (870) 246-5886
Fax: (870) 246-3249
Email: mathislawfirm@gmail.com

_____

Justin Minton, AR Bar #2009112
The Minton Law Firm
Landers Corporate Plaza, Bldg 200
22461 Interstate 30
Bryant, AR 72022
Phone: (501) 653-2111
Fax: (501) 588-8886
Email: justin@justinmintonlaw.com

**Page 11 of 11**

IN THE CIRCUIT COURT OF PIKE COUNTY, ARKANSAS
CIVIL DIVISION

| | |
|---|---|
| GARY LEO GREEN & LINDA SUE GREEN | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) CASE NO._____ |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| BEAVER EXPRESS SERVICE, LLC, and | ) |
| | ) |
| JOHN DOE 1, JOHN DOE 2, AND JOHN DOE 3, | ) |
| | ) |
| DEFENDANTS. | ) |

## <u>AFFIDAVIT OF JUSTIN MINTON, ESQ.</u>

| | |
|---|---|
| STATE OF ARKANSAS | ) |
| | ) |
| COUNTY OF SALINE | ) |

BEFORE ME, the undersigned authority, personally appeared JUSTIN MINTON, who, upon first being duly sworn, deposes and states the following facts and information are true and correct to the best of my knowledge and belief:

1. I, Justin Minton, represent the Plaintiffs in the above-entitled matter as their attorney at law.

2. I have caused to be filed a Complaint in the above-entitled matter in the appropriate court of this state.

3. At this time, the names and the number of all tortfeasors contemplated in this action are unknown.

4. For the purpose of tolling the statute of limitations, pursuant to Ark. Code Ann. § 16-56-125, I have designated the unknown tortfeasors with the pseudo-name John Doe 1, John Doe 2, and/or John Doe 3.

5. Upon determining the identity of the unknown tortfeasors the pseudo-name John Doe will be replaced with the real name of the defendant in the Complaint of the above-entitled matter.

FURTHER, THE AFFIANT SAYETH NOT

M. Justin Minton, AR Bar #2009112

The Minton Law Firm
Landers Corporate Plaza, Bldg 200
22461 Interstate 30
Bryant, AR 72022
Phone: (501) 653-2111
Fax: (501) 588-8886
Email: justin@justinmintonlaw.com

SUBSCRIBED AND SWORN TO before me this 27 day of April, 2015.

My Commission Expires:

10-1-24

Notary Public

2

# ORIGINAL

THE CIRCUIT COURT OF PIKE COUNTY, ARKANSAS

CIVIL DIVISION

GARY LEO GREEN

LINDA SUE GREEN    PLAINTIFF

V.                                          No. CV2015-30.1

BEAVER EXPRESS SERVICE LLC          DEFENDANT

## SUMMONS

THE STATE OF ARKANSAS TO DEFENDANT:

JOHN DOE 1 (Defendant's name and address.)

JOHN DOE 2 & JOHN DOE 3

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.Within 30 days after service of this summons on you (not counting the day you received it)----- or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas----- you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: M. JUSTIN MINTON, 2246 I-30 BLDG 200, BRYANT,AR 72022If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

P.O. Box 219

Murfreesboro, Ar 71958

(Signature of Clerk or Deputy Clerk)

Date: 5|4|2015

[SEAL]